UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL B. BROOKS,<br><br>    Plaintiff,<br><br>v.<br><br>CENTRAL CREDIT SERVICES, LLC,<br><br>    Defendant. | CIVIL ACTION<br><br>COMPLAINT 1:18-cv-05138<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

**NOW COMES**, Michael Brooks ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd., complaining of the Defendant, Central Credit Services, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 et seq., and the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the TCPA, FDCPA, and 28 U.S.C. §§1331 and 1337 because the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and all of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

### PARTIES

4. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, resided in the Northern District of Illinois.

1

5. Defendant is a foreign corporation that operates a nationwide delinquent debt collection business and attempts to collect consumer debts from virtually every state, including debts from consumers in the State of Illinois. Defendant's principal office is located at 9550 Regency Square Blvd. STE 500, Jacksonville, FL 32225. Defendant is licensed as a debt collection agency in the State of Illinois and its registered agent is C T Corporation System located at 208 SO LaSalle St, Suite 814, Chicago, Illinois 60604.

### FACTS SUPPORTING CAUSE OF ACTION

6. Plaintiff entered into a service contract with CenturyLink Telecommunications Company ("CenturyLink") to provide internet services.

7. On or around April 2018, Plaintiff defaulted on the service contract ("subject debt") as he was going through financial hardships.

8. Starting in or around early May 2018, Defendant began placing calls to Plaintiff's cellular phone (779) XXX-1133 attempting to collect upon the subject debt.

9. At all times relevant, Plaintiff was the sole subscriber, owner, and operator of the cellular phone with the assigned number ending in 1133. Plaintiff is and has always been financially responsible for this cellular phone and its services.

10. Immediately after the calls began, Plaintiff answered a phone call to his cellular telephone from a representative of Defendant. After verifying his personal information, Defendant repeatedly requested that Plaintiff make a payment on the subject debt. Plaintiff responded by requesting Defendant to cease placing calls to his cellular phone.

11. In or around May 2018, Defendant placed multiple phone calls to Plaintiff's cellular phone. Plaintiff answered some of the calls and in each call *again* requested that Defendant cease contacting him on his cellular phone.

12. In total, Defendant placed or caused to be placed no less than 39 harassing phone calls to Plaintiff's cellular telephone from May 2018 through the present day, with calls taking place several times in one day, at the same time each day, and up to 2 times per day.

13. Plaintiff requested that Defendant cease placing calls to his cellular phone on no less than 5 separate occasions.

14. Moreover, in the phone calls Plaintiff answered, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's telephone system attempted to connect Plaintiff to a live agent.

15. Specifically, there would be an approximate 3 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant attempting to collect on the subject debt.

16. Likewise, Plaintiff also hears what sounds to be call center noise in the background of Defendant's collection calls.

17. Plaintiff's demands that Defendant's phone calls cease fell on deaf ears and Defendant continued its phone harassment campaign.

18. Upon information and belief, Defendant placed its calls to Plaintiff's cellular telephone using a predictive dialing system, an automated telephone dialing system that is commonly used in the debt collection industry to collect defaulted debts.

19. The phone number that Defendant most often used to contact Plaintiff was (815) 516-1157, but upon information and belief, Defendant's collection department may have used other phone numbers as well.

**DAMAGES**

20. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

21. Plaintiff has expended time and incurred costs consulting with his attorneys as a result of Defendant's harassing collection efforts.

22. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited debt collection calls, harassment, emotional distress, anxiety, loss of concentration, diminished value and utility of his telephone equipment and telephone subscription services, debilitating Plaintiff's voicemail capacity, the wear and tear caused to his cellular telephone, the loss of battery charge, the loss of battery life, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

23. Concerned about the violations of his rights and invasion of his privacy, Plaintiff sought the assistance of counsel to permanently cease Defendant's collection efforts, incurring costs and expenses meeting with his attorneys.

### COUNT I – VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

24. Plaintiff restates and realleges paragraphs 1 through 24 as though fully set forth herein.

25. Defendant repeatedly placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone number using an automatic telephone dialing system ("ATDS") or prerecorded or artificial voice without Plaintiff's prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

26. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

27. Upon information and belief, based on Defendant's lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used a predictive dialing system to place calls to Plaintiff's cellular telephone.

28. "A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists [caller] in predicting when an [agent] will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

29. The Federal Communications Commission ("FCC") has determined that predictive dialing systems are a form of an automatic telephone dialing system. *Id.*

30. Upon information and belief, the predictive dialing system employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

31. Defendant violated the TCPA by placing no less than 39 phone calls to Plaintiff's cellular phone between May 2018 and the present day, using an ATDS without his prior consent.

32. Any prior consent, if any, was revoked by Plaintiff's verbal revocations. Specifically, Plaintiff verbally revoked consent to be called on his cellular phone on at least five (5) separate occasions.

33. As pled above, Plaintiff was severely harmed by Defendant's collection calls to his cellular phone.

5

34. Upon information and belief, Defendant has no system in place to document and archive whether it has prior consent to continue to contact consumers on their cellular phones.

35. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

36. Defendant, through its agents, representatives, vendors, subsidiaries, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

37. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per phone call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff MICHAEL B. BROOKS respectfully prays this Honorable Court for the following relief:

   a. Declare Defendant's phone calls to Plaintiff to be violations of the TCPA;
   b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C); and
   c. Enjoining Defendant from further contacting Plaintiff; and
   d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

38. Plaintiff restates and realleges paragraphs 1 through 38 as though fully set forth herein.

39. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

40. The alleged subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

41. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

42. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

43. Defendant used the telephone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

44. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

45. Defendant violated 15 U.S.C. §§1692c(a)(1), d, and d(5), through its unlawful debt collection practices.

   a. **Violations of FDCPA § 1692c**

46. Defendant violated §1692c(a)(1) when it continuously called Plaintiff after being notified to stop on no less than 5 separate occasions. This repeated behavior of continuously and systematically calling Plaintiff's cellular phone over and over after he demanded that it cease contacting him was harassing and abusive. Even after being told to stop contacting him, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into paying the subject debt.

47. Furthermore, Defendant aggressively and relentlessly called Plaintiff in the course of less than 3 months. This volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing him into submission.

48. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient, unwanted, and distressing to him.

7

### b. Violations of FDCPA § 1692d

49. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular phone seeking immediate payment on the subject debt. Moreover, Defendant continued placing the relentless calls after Plaintiff demanded that the calls cease on no less than 5 separate occasions.

50. Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff. Specifically, Defendant placed or caused to be placed no less than 39 harassing phone calls to Plaintiff's cellular telephone from May 2018 through the present day, using an ATDS without his prior consent, with calls taking place several times in one day and on back to back days.

51. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt through incessant harassing phone calls to the cellular phones of consumers.

52. Upon information and belief, Defendant systematically places unsolicited and harassing debt collection calls to consumers in Illinois in order to aggressively collect debts allegedly in default to increase its profitability at the consumers' expense.

53. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff MICHAEL B. BROOKS respectfully requests that this Honorable Court:
    a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
    b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
    c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
    d. Award any other relief as the Honorable Court deems just and proper.

Dated: July 27, 201                                    Respectfully submitted,


/s/ Marwan R. Daher                                    /s/ Omar T. Sulaiman
Marwan R. Daher, Esq.                                  Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*                                *Counsel for Plaintiff*
Sulaiman Law Group, Ltd.                               Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200                  2500 South Highland Avenue, Suite 200
Lombard, IL 60148                                      Lombard, IL 60148
Telephone: (630) 537-1770                              Telephone: (630) 575-8141
mdaher@sulaimanlaw.com                                 osulaiman@sulaimanlaw.com